# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMA ARAUCO MENDOZA, | Case No. 1:26-cv-00627-KES-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CHRISTOPHER CHESTNUT, et al., | (ECF No. 15) |
| Respondents. | |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Bolivia who was taken into U.S. Immigration and Customs Enforcement ("ICE") custody after posting bail in a state criminal matter.[1] (ECF No. 15 at 2.[2]) On or about November 6, 2025, Petitioner was transferred to the California City Detention Facility. (ECF No. 2 at 10.) Petitioner is in removal proceedings and sought custody redetermination before an immigration judge ("IJ"). On or about January 7, 2026, an IJ "denied release on the ground that Petitioner was a 'danger,' referencing an arrest for battery in August

---

[1] Petitioner does not provide the date she was taken into ICE custody and does not provide information regarding when and the manner in which she entered the United States.

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

2025." (ECF No. 2 at 2.) While detained, Petitioner has experienced continuous vaginal bleeding, recurrent nosebleeds, significant weight loss, and persistent weakness and fatigue. The FAP alleges that despite repeated requests for care, Petitioner has not been examined by a physician and has only received minimal medication for headaches. (ECF No. 15 at 2–3.)

On January 26, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On February 5, 2026, the assigned district judge denied the motion for TRO, stating:

> In this habeas action under 28 U.S.C. § 2241, petitioner seeks immediate release based on her assertion that she has received constitutionally-deficient medical care while in civil immigration detention. She challenges the conditions of her confinement rather than, as required for a cognizable habeas claim, the underlying legal basis for that confinement. *See Pinson v. Carvajal*, 69 F.4th 1072 (9th Cir. 2023). Petitioner has therefore not met her burden, on the present motion, of showing that she is likely to succeed on the merits of her habeas claims. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

(ECF No. 9.)

On April 9, 2026, Petitioner filed a first amended petition ("FAP"). (ECF No. 15.) On April 23, 2026, Respondents filed a response, and Petitioner filed a reply on April 27, 2026. (ECF Nos. 16, 17.)

## II.

## DISCUSSION

### A. Medical Care

In Claim 1 of the FAP, Petitioner asserts that her continued detention violates due process because ICE cannot provide adequate medical care. (ECF No. 15 at 3.) A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499. The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). See Shook v.

Apker, 472 F. App'x 702, 702–03 (9th Cir. 2012) (holding that district court did not err in treating conditions of confinement claims as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), rather than 28 U.S.C. § 2241); Alcala v. Rios, 434 F. App'x 668, 669–70 (9th Cir. 2011) (holding that district court did not err in finding that conditions of confinement claims are not cognizable under 28 U.S.C. § 2241).

In Pinson v. Carvajal, 69 F.4th 1059 (9th Cir. 2023), two federal prisoners "challenge[d] the dismissals of their habeas corpus petitions in which they asserted that their incarceration during the COVID-19 pandemic violated the Eighth Amendment and sought release from custody." Id. at 1062. Holding that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested," the Ninth Circuit found that "Sands has failed to allege facts to support his legal contention that his detention was unlawful because no set of conditions exist that would cure the constitutional violations." Id. at 1072, 1075. "Because Sands's claims lie outside the historic core of habeas corpus . . . the district court properly found it lacked jurisdiction to hear Sands's petition." Id. at 1075. Subsequently, the Ninth Circuit has stated that "Pinson solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement." Doe v. Garland, 109 F.4th 1188, 1194 (9th Cir. 2024).

"Petitioner's allegations that continued custody poses a substantial risk of serious harm, without more, do not state a habeas claim when the asserted constitutional violation is the alleged inadequacy of medical care and remedial measures short of release would address any such circumstance." Boscan v. Becerra, No. 1:26-CV-00651-KES-SAB, 2026 WL 310093, at *2 (E.D. Cal. Feb. 5, 2026). Accordingly, the Court recommends finding that Petitioner is not entitled to relief on Claim 1.

**B. Due Process**

In Claim 2 of the FAP, Petitioner asserts that her continued detention is arbitrary in light of the dismissal of her criminal charge, which the immigration judge had relied upon in denying bond based on dangerousness. (ECF No. 15 at 3–4.) In Claim 3 of the FAP, Petitioner asserts that "[p]rolonged detention without sufficient justification violates due process." (ECF No. 15 at

4.) Respondents argue that Petitioner is "an 'applicant for admission' who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)" and is "not entitled to a bond hearing." (ECF No. 16 at 1, 2.)

Neither party has provided the Court with information regarding when and in what manner Petitioner entered the United States and whether Petitioner encountered immigration officials. Although Respondents assert that Petitioner's "order of release may be revoked at any time under Section 1225," (ECF No. 16 at 2), there is nothing in the record before this Court that Petitioner was previously released from immigration custody. Further, although Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), it is unclear whether Petitioner is in fact being subjected to mandatory detention given that she received a bond hearing before an immigration judge in January 2026 and the FAP alleges that the immigration judge denied bond based on a finding of dangerousness rather than lack of jurisdiction. Neither party has provided the Court with a transcript or recording of the bond hearing or a copy of the IJ's bond decision.

"The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and to the extent Petitioner is being detained pursuant to 8 U.S.C. § 1226(a), the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193, 1213 (9th Cir. 2022).[3]

To the extent Petitioner is being detained pursuant to 8 U.S.C. § 1225(b), the Court notes that "[d]istrict courts around the country have rejected the government's position that section 1225(b)(2) permits it to pursue mandatory detention against noncitizens who have not been lawfully admitted but have been present in the country for years." Valencia Zapata v. Kaiser, 801 F. Supp. 3d 919, 936 (N.D. Cal. 2025) (citing Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases)). "Here in the

---

[3] "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19). "On top of this, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Id. (citing 8 C.F.R. § 1003.19(e)).

Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission.'" Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *2 (E.D. Cal. Nov. 17, 2025) (collecting cases). However, the FAP does not provide sufficient factual allegations for the Court to determine whether Petitioner is properly subject to 8 U.S.C. § 1225(b). Moreover, the FAP does not challenge the statutory basis for Petitioner's detention.

"As an initial matter, the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." United States v. Salerno, 481 U.S. 739, 746 (1987) (citing Bell v. Wolfish, 441 U.S. 520, 537 (1979)). "A due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to the detention or the detention appears excessive in relation to its regulatory purpose." United States v. Torres, 995 F.3d 695, 708 (9th Cir. 2021) (citing Salerno, 481 U.S. at 747). "The point at which detention constitutes a due process violation requires a case-by-case analysis." Torres, 995 F.3d at 708 (citing United States v. Gelfuso, 838 F.2d 358, 359–60 (9th Cir. 1988)).

In Martinez Leiva v. Becerra, the petitioner raised a substantive due process claim, arguing that his detention had "become unconstitutionally punitive, as: (1) it does not serve any nonpunitive governmental interest because he is not a flight risk or danger to his community; (2) it is excessive in relation to any governmental interest; and (3) its duration exceeds the bounds of due process." Martinez Leiva v. Becerra, No. 23-CV-02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023) (footnote omitted). The district court rejected the petitioner's arguments, stating "that is what bond hearings are for." Id. Here, Petitioner received a bond hearing in January 2026, five months ago. Petitioner does not assert that the bond hearing was deficient[4] or that procedural due process requires a second bond hearing. The Supreme "Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the

---

[4] To the extent that Petitioner challenges the IJ's dangerousness determination, a federal court applies an abuse of discretion standard under which "we cannot reweigh evidence ... [but] can [only] determine whether the [IJ] applied the correct legal standard." Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) (last alteration added) (internal quotation marks omitted) (quoting Konou v. Holder, 750 F.3d 1120, 1127 (9th Cir. 2014)). Petitioner does not assert, and there is nothing in the record indicating, that the IJ applied an incorrect legal standard.

deportation process." <u>Demore v. Kim</u>, 538 U.S. 510, 523 (2003). Accordingly, the Court recommends finding that Petitioner is not entitled to relief on Claims 2 and 3. <u>See Romero-Romero v. Wofford</u>, No. 1:24-CV-00944 JLT SKO (HC), 2025 WL 3154399 (E.D. Cal. Nov. 12, 2025) (rejecting substantive due process claim of petitioner detained under § 1226(c) for three years who had been afforded bond hearings, bond reviews, and appeals), <u>adopting report and recommendation as modified</u>, 2025 WL 391861 (E.D. Cal. Feb. 4, 2025).

**C.  U-Visa**

In Count 4 of the petition, Petitioner asserts that detention of crime victims pursuing U-visa relief contradicts the humanitarian purpose of the U-visa statute. (ECF No. 15 at 3.)

> A U-Visa is a nonimmigrant visa that allows noncitizens who have been victims of certain enumerated crimes to obtain lawful status if they are likely to be helpful in the investigation or prosecution of that crime. 8 U.S.C. § 1101(a). U-Visas are statutorily capped at 10,000 per year. 8 U.S.C. § 1184(p)(2). That statutory cap has been reached every year since 2009. *De Sousa v. Dir. of U.S. Citizenship and Immigr. Servs.*, 755 F. Supp. 3d 1266, 1269 (N.D. Cal. 2024). Thus, USCIS established a U-Visa regulatory waiting list process. 8 C.F.R. § 214.14(d)(2). Under the waiting list regulations, if USCIS determines that a U-Visa application is approvable but cannot be issued "due solely" to the 10,000-applicant cap, the petitioner "must be placed on [the] waiting list." *Id.* However, this waiting list has its own backlog; in 2020, the median processing time between USCIS's receipt of the U-Visa petition until placement on the waiting list was over four years. *De Sousa*, 755 F. Supp. 3d at 1269. Due to this growing backlog, USCIS issued the Bona Fide Determination policy. *Id.* Applicants who receive a Bona Fide Determination are granted deferred action and work authorization for a period of four years. *Id.*

<u>Fugon v. Chestnut</u>, No. 1:26-CV-01841-DC-AC (HC), 2026 WL 878616, at *4 (E.D. Cal. Mar. 31, 2026). "Numerous courts within the Ninth Circuit have found that noncitizens who have been granted deferred action pursuant to a Bona Fide Determination are entitled to protection from removal, and that they maintain a due process property interest in that protection." <u>Id.</u> at *5. Here, however, there is nothing in the record before this Court that Petitioner has received a Bona Fide Determination. Accordingly, the Court recommends finding that Petitioner is not entitled to relief on Claim 4.

///

///

///

6

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that the first amended petition for writ of habeas corpus (ECF No. 15) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 18, 2026**

STANLEY A. BOONE
United States Magistrate Judge

7